## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OLEKSANDR TATARYN,

*Petitioner,*

v.

JAMAL L. JAMISON, et al.,

*Respondents.*

CIVIL ACTION

NO. 26-809

## ORDER

**AND NOW**, this 18th day of February, 2026, upon consideration of the Petition

for a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in

Opposition, (Dkt. No. 3), it is hereby **ORDERED** that the Petition is **GRANTED** as

follows:

1. **Tataryn is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]    In May of 2023, Oleksandr Tataryn—a citizen of Ukraine—arrived in the United States. (Pet. ¶ 38, Dkt. No. 1.)  DHS agents detained Tataryn and released him into the country on humanitarian parole.  (*Id.* ¶ 39.)  Tataryn then filed applications to renew his parole due to the ongoing war in Ukraine.  (*Id.* ¶ 40.)  On February 6, 2026, ICE agents arrested Tataryn near his home in Pennsylvania and detained him in the Philadelphia Federal Detention Center.  (*Id.* ¶¶ 6, 42.)  Tataryn remains detained under 8 U.S.C. § 1225(b), which does not provide him an opportunity to seek bond before an immigration judge.  (*Id.* ¶¶ 43, 60–61.)

Tataryn filed a federal *habeas* petition on February 7, 2026, alleging violations of due process and the Immigration and Nationality Act.  (*Id.* at 12–13.)  He seeks an order to prevent his transfer outside the Eastern District, to show cause, to immediately release him, and to declare that his detention is unlawful.  (*Id.* at 13–14.)  The Government opposes the petition because, among other things, Tataryn is "an inadmissible arriving alien" subject to mandatory detention. *See* (Gov't Resp. in Opp'n at 5, 8–10, Dkt. No. 3).

The Court disagrees with the Government for the reasons stated in *Murodov v. Jamison*, No. 26-594 (E.D. Pa. Feb. 13, 2026), Dkt. Nos. 6 & 7.  Because the Government detained Tataryn under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge. *See Demirel*, 2025 WL 3218243, at *5.  The Court need not address Tataryn's due process claims.

2.  **On or before February 25, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Tataryn with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.  Should the immigration judge deny bond, Tataryn may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.